Opinion filed January 7, 2010 











 
 
  
 
 







 
 
  
 
 




Opinion filed January 7,
2010  

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00206-CV

                                                    __________

 

                                       DENNIS A. SMITH, Appellant

 

                                                             V.

 

                                BRAD
LIVINGSTON ET AL, Appellees

 



 

                                          On
Appeal from the 12th District Court

 

                                                          Walker
County, Texas

 

                                                    Trial
Court Cause No. 24610

 



 

                                              M E
M O R A N D U M   O P I N I O N








Dennis
A. Smith filed suit under the Texas Tort Claims Act[1]
against appellees alleging breach of contract; unlawful confinement; violation
of civil rights; assault; battery; emotional, physical, and mental anguish;
unnecessary pain and suffering; violation of state and federal due process and
protections against cruel and unusual punishment; and violation of the United
Nations policy against torture.  Smith sought $200,000 in damages as a result
of alleged injuries he sustained when the extraction of two teeth was delayed
while he was an inmate in the Ellis Unit in Walker County.  The trial court
dismissed his claims as frivolous for failure to comply with the requirements
of Tex. Civ. Prac. & Rem. Code  Ann.
'' 14.001-.014 (Vernon
2002).  We affirm.

In
seven issues, Smith contends that the trial court abused its discretion by
dismissing his action and by not ruling on his various motions including a
motion for a hearing, a motion to supplement, and a motion to transfer venue. 
We disagree.

The
trial court dismissed Smith=s
claims as frivolous.  The record supports the trial court=s actions.  Smith failed to
comply with the mandatory requirements of Section 14.004.  Neither his original
claim nor his motions to supplement contain allegations which support waiver of
sovereign immunity.  Section 14.003(b).  The trial court is not required to
conduct a hearing prior to dismissal.  Section 14.008.  Venue was mandatory in
Walker County (the county where Smith=s
claims accrued) pursuant to Tex. Civ.
Prac. & Rem. Code Ann. '
15. 019(a) (Vernon 2002), and Smith=s
motion to transfer failed to comply with Tex.
R. Civ. P. 257.  The trial court did not abuse its discretion.  All of
Smith=s contentions on
appeal have been reviewed.  Each complaint is overruled. 

The
order of the trial court is affirmed.

 

 

PER CURIAM

 

January 7, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Civ. Prac. & Rem.
Code Ann. ''101.001-.109 (Vernon 2005 & Supp. 2009).